Citation Nr: 1443645 
Decision Date: 09/30/14 Archive Date: 10/06/14

DOCKET NO. 07-13 530 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUES

1. Entitlement to a compensable rating for left (minor) thoracic outlet syndrome.

2. Entitlement to a compensable rating for right (major) ulnar neuropathy at the elbow, status post transposition and cubital tunnel release.

3. Entitlement to an increased rating for left (minor) ulnar entrapment at the elbow, status post transposition and cubital tunnel release, currently rated as 10 percent disabling.

4. Entitlement to special monthly compensation based on the need for aid and attendance, or being housebound.


REPRESENTATION

Appellant represented by: The American Legion


ATTORNEY FOR THE BOARD

J. M. Kirby, Counsel


INTRODUCTION

The Veteran served on active duty from June 1988 to January 1994.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a June 2006 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in St. Petersburg, Florida. The Board remanded the case in August 2010 for additional development. 

The Board is entering a decision on the claim for special monthly compensation. The others are addressed in the REMAND portion of the decision below and are REMANDED to the Agency of Original Jurisdiction (AOJ).


FINDING OF FACT

The preponderance of the evidence establishes that the Veteran is so helpless due to his service-connected disabilities that he requires the aid and attendance of another person. 


CONCLUSION OF LAW

The criteria for an award of special monthly compensation based on the need for the regular aid and attendance of another person are met. 38 U.S.C.A. §§ 1114, 5103A, 5107 (West 2002); 38 C.F.R. §§ 3.350 , 3.352 (2013).



REASONS AND BASES FOR FINDING AND CONCLUSION

In light of the favorable action taken herein, discussion of whether VA has met its duties of notification and assistance is not required, and deciding the appeal at this time is not prejudicial to the Veteran.

The Veteran seeks entitlement to special monthly compensation based on the need for the regular aid and attendance of another person. Compensation at that rate is payable when the veteran, due to service-connected disability or disabilities, has the anatomical loss or loss of use of both feet or one hand and one foot, or is blind in both eyes, or is permanently bedridden or so helpless as to be in need of regular aid and attendance. See 38 U.S.C.A. § 1114(l) ; 38 C.F.R. § 3.350(b). 

Determinations as to the need for aid and attendance must be based on actual requirements of personal assistance from others. In making such determinations, consideration is given to such conditions as: inability of the claimant to dress or undress himself/herself or to keep himself/herself ordinarily clean and presentable; frequent need of adjustment of any special prosthetic or orthopedic appliances which, by reason of the particular disability, cannot be done without aid; inability of the claimant to feed himself/herself through loss of coordination of upper extremities or through extreme weakness; inability to attend to the wants of nature; or incapacity, physical or mental, which requires care or assistance on a regular basis to protect the claimant from the hazards or dangers inherent in his/her daily environment. "Bedridden" will be a proper basis for the determination, and is defined as that condition which, through its essential character, actually requires that the claimant remain in bed. It is not required that all of the disabling conditions enumerated above be found to exist before a favorable rating may be made. The particular personal functions which the claimant is unable to perform should be considered in connection with his/her condition as a whole. It is only necessary that the evidence establish that the claimant is so helpless as to need regular aid and attendance, not that there be a constant need. 38 C.F.R. § 3.352(a). 

Here, the Veteran asserts that his service-connected schizoaffective disorder, and to a lesser degree, his upper extremity neurologic impairment disabilities, require the aid and attendance of another person. His claim for special monthly compensation was received by VA in September 2010. At that time, his schizoaffective disorder was rated as 100 percent disabling; status post left first rib resection rated as 10 percent disabling; left ulnar entrapment at the elbow rated as 10 percent disabling; left thoracic outlet syndrome rated as 0 percent disabling; and right ulnar neuropathy at the elbow rated as 0 percent disabling. The combined rating has been 100 percent disabling since April 2008, the effective date of the 100 percent rating for schizoaffective disorder. 

There is a wealth of medical and lay evidence of record that addresses the Veteran's claim for special monthly compensation on the basis of the need for aid and attendance. In sum, it establishes that special monthly compensation based on the need for aid and attendance is warranted. 

The May 2008 rating decision found that a 100 percent rating was warranted for the Veteran's schizoaffective disorder based on the April 2008 VA examiner's finding that the Veteran's ongoing hallucinations, paranoid ideas, and delusions were only partially controlled by medication. The December 2009 VA aid and attendance evaluation noted that the Veteran required another person to administer his medication, without which he would intentionally overdose; he required 24 hour supervision to maintain symptom stability, without which he would need to be hospitalized due to self-medicating and exacerbation of psychosis and mood. A February 2012 VA opinion similarly found that the Veteran 

cannot be without [] supervision on [a] daily basis regarding access to his medications, taking care of his needs, cleaning, preparing food. When left for a moment with no supervision, he deteriorated to the point of suicidal attempt; taking benzo[diazepine], alcohol, stopping his medications for his schizoaffective disorder and then attempting suicide. [His caregiver] has been involved 24 hours in his care and keeping him safe. He poses severe danger to himself if not supervised.

VA treatment records dated between November 2008 to September 2011, as well as the Veteran's mother's statements in support of her son's claim, also establish a need for aid and attendance. While it is true that the Veteran's mother has been his primary caregiver during the appeal period, the Board finds her statements credible, and persuasive, as she has perhaps the clearest understanding of the Veteran's existence in his day-to-day environment. When considering whether lay evidence is competent the Board must determine, on a case by case basis, whether the Veteran's particular disability is the type of disability for which lay evidence may be competent. Kahana v. Shinseki, 24 Vet. App. 428 (2011).

The rating criteria do not require "that all of the disabling conditions enumerated above be found to exist before a favorable rating may be made . . . . It is only necessary that the evidence establish that the claimant is so helpless as to need regular aid and attendance, not that there be a constant need." 38 C.F.R. § 3.352(a). Such is the situation in this case; while the record does not necessarily establish that the Veteran's service-connected physical disabilities would require aid and attendance, it is clear that as a result of his service-connected schizoaffective disorder, he is a danger to himself through overmedicating if left unattended for more than a brief period of time.

This decision awards the Veteran special monthly compensation based on a need for the regular aid and attendance of another person, and the controlling statutes prohibit concurrent receipt of that benefit and of the benefit of special monthly compensation based on being housebound. Moreover, special monthly compensation based on a need for the regular aid and attendance of another person is a greater monetary benefit than special monthly compensation at the housebound rate. Therefore, adjudication of whether the criteria are met with respect to entitlement to special monthly compensation at the housebound rate is not required. See 38 U.S.C.A. §§ 1502 , 1521, 5103, 5103A, 5107 (West 2002); 38 C.F.R. §§ 3.102 , 3.159, 3.351 (2013); compare 38 U.S.C.A. § 1521(d) with 38 U.S.C.A. § 1521(e). 



ORDER

Subject to the applicable regulations concerning the payment of monetary benefits, special monthly compensation based on the need for aid and attendance is granted, 


REMAND

The Board's August 2010 remand sought to obtain outstanding treatment records and to have the Veteran examined for VA purposes. The record does not reflect that this development was completed; if it has been, the relevant documents have not been associated with the claims file. In either case, remand is required for further development as it does not appear that the appellate record is ripe for review.

Accordingly, the issues of entitlement to a compensable rating for left (minor) thoracic outlet syndrome, entitlement to a compensable rating for right (major) ulnar neuropathy at the elbow status post transposition and cubital tunnel release, and entitlement to an increased rating for left (minor) ulnar entrapment at the elbow status post transposition and cubital tunnel release are REMANDED for the following actions:

1. If the outstanding treatment records were obtained, VA examination directed by the August 2010 Board decision was conducted, and the Veteran's claims readjudicated in a supplemental statement of the case, associate those documents with the claims file, and return the appeal to the Board.

2. If, and only if, those documents do not exist because the requested development has not been completed, or those documents are otherwise unavailable, review the August 2010 Board decision and complete the development directed therein, to include obtaining outstanding treatment records, conducting a VA examination as specified, and readjudicating the Veteran's claims. 

3. If any benefit sought on appeal remains denied, issue s supplemental statement of the case and provide an appropriate period of time in which the Veteran may respond. Then, return the appeal to the Board.

The appellant has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2013).



______________________________________________
MICHAEL E. KILCOYNE
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs